UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MEGHAN CAMPBELL,                 :
                                 :
        Plaintiff,               :
                                 :
        v.                       :    CASE NO. 3:09cv976(RNC)
                                 :
RICHARD S. DANIELS,              :
                                 :
        Defendant.               :

<u>RULING ON DEFENDANT'S MOTION TO SET ASIDE DEFAULT</u>

The plaintiff, Meghan Campbell, brings this action against the defendant, Richard Daniels, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 <u>et seq.</u> and the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a <u>et seq.</u> Pending before the court is the defendant's motion to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c). (Doc. #11.)

The defendant was served on August 5, 2009 and filed an appearance on August 24, 2009. (Doc. ##5, 6.) On September 21, 2009, when the defendant did not file an answer or response to the complaint, the Clerk of the Court entered default pursuant to Federal Rule of Civil Procedure 55(a). (Doc. #9.) On October 14, 2009, the defendant filed the instant motion and attached a proposed answer to his motion.

A court may set aside any default that has entered for good cause shown. Fed. R. Civ. P. 55(c). "In determining whether to set aside a party's default, the district court should consider

principally (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." <u>Powerserve Intern., Inc. v. Lavi</u>, 239 F.3d 508, 514 (2d Cir. 2001). Because there is a "preference for resolving disputes on the merits," doubts "should be resolved in favor of the defaulting party." <u>Id.</u> "Ultimately, the matter of whether to grant relief from the entry of a default is left to the sound discretion of a district court." <u>Id.</u>

The record does not support a finding that the defendant's conduct in this case was willful. <u>See</u> <u>Johnson v. Maldonaldo</u>, No. 05CV859S, 2008 WL 565482, at *1 (W.D.N.Y. Feb. 28, 2008)("[N]eglect is not willfulness.") Further, the record fails to demonstrate any prejudice to the plaintiff should the default be set aside. The delay caused by the defendant's late service of his answer was brief and there is no reason to believe that this delay had any effect on the plaintiff's ability to gather witnesses or evidence in support of her case. <u>See</u> <u>Davis v. Musler</u>, 713 F.2d 907, 916 (2d Cir. 1983)("[D]elay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.") Finally, as to the third factor, the defendant asserts that he intends to vigorously defend this case on the

merits and has a meritorious defense.  On a motion to vacate the entry of default, the moving party "need not conclusively establish the validity" of the defense presented.  <u>Davis</u>, 713 F.2d at 916. <u>See</u> <u>Gillard v. Clement</u>, No. 07-CV-281S, 2008 WL 5231356, at *2 (W.D.N.Y. Dec. 11, 2008)("The denial of all material allegations satisfies the low threshold necessary to establish a meritorious defense.")

Accordingly, the defendant's motion to set aside default (doc. #11) is granted.

SO ORDERED at Hartford, Connecticut this 4th day of November, 2009.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge